By the Court,
IIitohcook, Judge.
The pleadings in this case, call for a construction in part of the seventh section of the act for the limitation of actions, passed February 18, 1831, 29 O. L. 214. This section provides “ that when any person shall have left the state, and remained out of the same; or shall reside out of the state, at the time-any cause of action shall have accrued against him; or shall have re-' moved to any place unknown to the person in whose favor such cause of action may exist, during such time as is limited by this act: the person having such cause of action, shall have a right to commence his or her action against such person, within such time as is limited' as aforesaid, after his or her return or removal to the state; or if within the state, then within such time, after his or her place of residence shall become known.”
As a general rule, and unless provision is otherwise made, when, a statute of limitation once begins to run against a demand, it continues to run until the demand is barred. Still it is within the power of the legislature to prescribe differently. And it would probably be conducive to justice, so to change the rule, that the statute should cease to-run during such time as a debtor should be without the jurisdiction of the court of the state, or should have absconded and concealed his place of residence from his creditor. On the part of plaintiff in the present case it is supposed that the section above quoted goes beyond this case, and provides, that if after the statute has begun to run, a debtor shall remove or reside out of the state, or shall conceal himself from his creditor, and shall subsequently return to or come within the state, or his place of concealment become known, that the creditor has the time limited in the statute after such return, ^etc., within, which to commence his action. Such, however, is not the provision.
This seventh section provides for three classes of eases : 1. “When any person shall have left the state and remained out of the same.” 2. When any person “ shall reside out of the state,” and 3. When any person “ shall have removed to any pi; ce unknown to the persons in whose favor a cause of action may exist.” As to the two former classes, it is enacted that if they shall have thus removed and remained *33 or resided out the of state, “ at the time any cause of action shall have accrued against them,” the person haying such cause of action, may commence his suit “ within such time as is limited as aforesaid,” after their return or removal to the state. The provision is nothing more nor less than this, that the statute shall not begin to run in favor of any person, until such person is within the jurisdiction of the state, and in a situation that suit may be prosecuted against him in our own courts.
As to the other class of cases, there is more difficulty, although probably the intention of the legislature was the same. The provision is, that if any person “ shall have removed to any place unknown to the person in whose favor such cause of action may exist, during such time as is limited by this act,” then the person having such cause of action, may commence suit within such time as is limited by the . act, “ after his or her place of residence shall become known.” In the former part of the section the expression is, “ at the time any cause of action shall have accrued against him,” in this “ dwing such time as is limited by this act.” Upon this clause it might be argued with some plausibility, that if a person against whom a cause of action existed, should abscond and conceal himself, the effect would be not only to destroy the force of the statute from such time until the place of his concealment should become known, but to destroy its force for the time it had already run. It is not necessary, however, in the present case, to give any definite opinion on this part of the section.
In the case before the court, the replication shows that, “at the time the cause of action accrued” the defendant was within the state, and left afterwards. It does not appear that he removed to any place to the plaintiff unknown.
Demurrer sustained, but leave given to the plaintiff to amend upon the payment of costs.